L. S. HACKNEY, Appellant,

v.

O. E. BARNHART et al., Appellees.

No. 16889.

Court of Civil Appeals of Texas, Houston (1st Dist.).

June 9, 1977.

William E. Heitkamp, T. D. Smith, Houston, for appellant.

Charles B. Spicer, Jr., Pasadena, for appellees.

EVANS, Justice.

The appellees, O. E. Barnhart and Ray Barnhart, brought this suit against appellant L. S. Hackney to recover damages for the appellant's breach of an agreement to rescind an oral executory contract. After a nonjury trial, the trial court entered a judgment for the appellees. Its judgment will be affirmed.

The parties are in agreement on most of the facts as found by the trial court. The trial court found that parties had entered into an agreement on January 1, 1971, whereby Hackney, the owner of all of the outstanding stock of H & B Equipment Company, Inc., agreed to sell to the Barnharts one-half of his stock ownership for a consideration of $25,000. It further found that this agreement had been reached between the parties as individuals, that the parties intended to be personally bound, and that pursuant to this agreement, the Barnharts delivered two checks totalling $25,000.00 in payment of the stipulated consideration.

The trial court further found that on May 24, 1971 the parties agreed to cancel and rescind the stock purchase agreement so as to restore themselves to their former positions, and that as part of this agreement, the Barnharts agreed to relinquish all claims to the stock of H & B Equipment Company, Inc. and Hackney agreed to pay the sum of $25,000 to the Barnharts within five days. It also found that the parties

intended and regarded Hackney's agreement to be binding upon him personally and individually. Based upon these findings the trial court entered judgment in favor of appellee for the sum of $17,000.00, representing the difference between the $25,000.00 payment and the amount of $8,000.00 which had been paid and applied to the reduction of the debt.

In his first eight points of error, Hackney contends that the evidence is legally and factually insufficient to support the trial court's findings of an agreement on his part to be individually liable for the repayment to the Barnharts of the sum of $25,000.00. Although Hackney does not dispute the making of the recision agreement, he argues that the evidence shows only an agreement on the part of H & B Equipment Company, Inc. to repay the sum in question.

There is testimony in the record which tends to support Hackney's interpretation of the facts. He testified that when he told the Barnharts he would give them their money back, he meant that H & B Equipment Company, Inc. was going to pay the money, and that he understood this to be a corporate liability. However, there is evidence from which the trial court reasonably could have concluded that the agreement was to be Hackney's personal obligation. Ray Barnhart testified that after a disagreement developed between the parties concerning the assets of H & B Equipment Company, Inc., Hackney suggested that they should perhaps "call it quits." Barnhart replied: "Maybe, to retain our friendship, that would be the best thing to do." Hackney then stated: "I'll have your money for you in five days." Barnhart replied: "That's fine. We're not pushing it. We do need our money. We want to get out."

It is also Hackney's contention that the method of payment of the initial consideration for the corporate stock shows that the obligation to repay was a corporate responsibility. The record indicates that one of the two checks totalling $25,000.00 was made payable to H & B Repair Service and the other to H & B Repair Service & Supply Company. The payees of these checks were assumed names under which H & B Equipment Company, Inc. conducted its business. Mr. O. E. Barnhart testified that he issued the checks to the corporate identities because he had always paid the bills in that manner. He stated that he would have made the checks payable to Hackney if he had been requested to do so.

Hackney's own testimony shows that he regarded the initial stock purchase agreement as being a personal contract between himself and the Barnharts.

"Question: . . . you were to transfer to them fifty percent of the stock that you owned in the company for that $25,000?

"Answer: Right. I was going to receive the $25,000 personally for my half of the stock. Yes, sir.

"Question: And the agreement you had with the Barnhart's involved a stock transfer and not a transaction between the Barnhart's and H & B Equipment Company as a corporation. Is that not correct?

"Answer: That is correct."

The evidence indicates that Hackney caused the sum of $8,000.00 to be paid in reduction of the $25,000.00 obligation. This payment was in part represented by Hackney's personal assets and in part by checks drawn upon H & B Equipment Company, Inc.

■ It was for the trial court to reconcile any conflicts in the testimony and to weigh and consider the evidence offered on behalf of each party. On the basis of the evidence presented, the trial court could properly have concluded that Hackney was personally and individually bound to pay the sum of $25,000.00 to the Barnharts, and its findings are not against the great weight and preponderance of the evidence. The appellant's first through eight points of error, therefore, are overruled.

■ In his ninth point of error Hackney contends the trial court erred in entering judgment for the Barnharts because the evidence showed that the cause of action belonged to a corporation, Barney's, Inc.

The evidence does show that the $25,000.00 payment was made by Barney's Inc., which was a corporation solely owned by the Barnharts. However, the trial court found that the stock purchase agreement had been made between the parties as individuals, and its finding is, in this respect, unchallenged. Thus, the cause of action for the return of the money belonged to the Barnharts as individuals notwithstanding the fact that the source of the funds may have been the corporate entity. This point is overruled.

The trial court's judgment is affirmed.